Kent M. Henderson     (SBN 139530)
Angel Carrazco, Jr.     (SBN 230845)
Christopher L. Holm     (SBN 308446)
**CARRAZCO LAW, A.P.C.**
18301 Irvine Boulevard
Tustin, CA 92780
Telephone: (714) 541-8600
Facsimile: (714) 541-8601

Attorneys for Plaintiff VICTOR ALFONSO GONZALEZ

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR ALFONSO GONZALEZ, an individual; <br><br> Plaintiff, <br><br> v. <br><br> CITY OF ANAHEIM; OFFICER TORRES; and DOES 1 TO 10, inclusive, <br><br> Defendants. | **CASE NO.:** 8:24-cv-1778 <br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:** <br><br> 1. Unreasonable Search and Seizure — Excessive Force and Denial of Medical Care (42 U.S.C. §1983); <br> 2. For Municipal Liability for Unconstitutional Custom or Policy or Practice (42 U.S.C. § 1983) <br> 3. Deprivation of Civil Rights – Failure to Provide Medical Care (42 U.S.C. §§1983 and 1985); <br> 4. Battery; <br> 5. Negligence; <br> 6. Violation of Civil Code §52.1. <br><br> **DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff VICTOR ALFONSO GONZALEZ, an individual, and hereby alleges as follows:

## **INTRODUCTION**

1.   This action seeks compensatory and punitive damages from individual officers, including Defendant OFFICER TORRES, and DOES 1 through 10, inclusive, and from senior department officials, and from Defendant, CITY OF ANAHEIM for violations of law and fundamental rights under the United States Constitution, including violation of the 4th Amendment, in connection with the brutal and unconstitutional police beating of VICTOR ALFONSO GONZALEZ on or about May 4, 2023.  Plaintiff VICTOR ALFONSO GONZALEZ was savagely beaten by Defendant Officer Torres, a police officer acting under color of authority on behalf of Defendant, CITY OF ANAHEIM on or about May 4, 2023, at approximately 4:00 p.m. near South Philadelphia Street and East Broadway in Anaheim, CA 92805.

2.   The Federal Claims in this lawsuit are timely filed.

3.   As to the state causes of action, Plaintiff timely presented a Government Claim and an Amended Government claim, within 6 months of the date of the incident, with Defendant, CITY OF ANAHEIM, in accordance with all applicable statutory requirements. More than 45 days have passed since presentation of the Government Claim and Amended Government Claim and the current lawsuit, it is filed within two years of the incident in compliance with the California Government Code regarding the state law claims for relief.

4.   Plaintiff VICTOR ALFONSO GONZALEZ is but one of many recent victims of a disturbing trend featuring unarmed citizens who have been the victims of violent, excessive and unconstitutional use of force by officers of Defendants, CITY OF ANAHEIM. According to the American Civil Liberties Union, Anaheim Police Department has a pattern of excessive use of force in Anaheim. Rather than take measures to address the staggering epidemic and wave of violent, excessive and unconstitutional use of force by its officers, such as holding the officers accountable, there is a culture in which individual officers and their supervisors look the other way when such acts take place and officers fabricate stories that

purport to justify their use of such force. Plaintiff is informed and believes, and thereon alleges, that there have been scores of reports related to such use of excessive by police officers employed by Defendant CITY OF ANAHEIM, per year every year by officers of Defendants CITY OF ANAHEIM, who use excessive unconstitutional force and/or shoot and wound and/or kill unarmed persons who have fired no shots and presented as no threat to the safety of the officers and/or the general public and/or use less-than-lethal force on persons who are not resisting and/or beat or use excessive physical force on persons who are not resisting.

5.   From at least 1999 through the date of the Incident which is the basis of this lawsuit, and after the Plaintiff VICTOR ALFONSO GONZALEZ Incident, Defendant CITY OF ANAHEIM has maintained a custom, policy and practice in which its officers have been and continue to be permitted to use excessive unconstitutional force and/or shoot persons who are visibly unarmed, who have fired no shots and/or otherwise present to immediate threat of harm to officers and/or the general public, and in which the Defendant CITY OF ANAHEIM officers are not fired or disciplined for such unjustified uses of excessive force and/or shootings, thereby condoning this practice of over and over, time and again the beating of non-resistant subjects and/or the use of less-than-lethal force on non-resistant subjects and/or the of shooting unarmed civilians.  This policy of using excessive force against unarmed, nonthreatening civilians was a moving force in the accosting and beating of Plaintiff VICTOR ALFONSO GONZALEZ by Defendant OFFICER TORRES, and DOES 1 through 10, because Defendant CITY OF ANAHEIM would not discipline or discharge these individual Defendants from employment.

6.   The policies and customs behind the use of excessive force against unarmed and non-resistant civilians such as Plaintiff VICTOR ALFONSO GONZALEZ are fundamentally unconstitutional and constitute a menace of major proportions to the public. Accordingly, insofar as Plaintiff herein seeks by means of this action to hold accountable those responsible for the beating of Plaintiff VICTOR ALFONSO

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

GONZALEZ and to challenge Defendant CITY OF ANAHEIM's unconstitutional policies and practices, this civil rights action is firmly in the public interest.

## **PARTIES**

7.  At all relevant times, Plaintiff VICTOR ALFONSO GONZALEZ (hereinafter, sometimes referred to herein as "Plaintiff") was an individual residing in the County of Orange, City of Anaheim.

8.  Defendant CITY OF ANAHEIM (hereinafter, referred to as "CITY") is a public entity whose officers operate under color of law or authority, in their individual and representative capacities and in the course and scope of their employment with the capacity to sue and be sued.  Defendant CITY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies.  At all times relevant to the facts alleged herein, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its employees complied with the laws and the Constitutions of the United States and the State of California.  Defendant CITY employs persons including through Departments that include the Anaheim Police Department ("APD").

9.   Defendant OFFICER TORRES, (hereinafter also referred to as "TORRES"), and DOES 1 through 10, are and were APD officers working for CITY and APD.  On or about May 4, 2023, Defendant OFFICER TORRES, and DOES 1 through 10, in their individual capacity, were acting under color of law and in the course and scope of their employment with CITY and APD when they used excessive force in beating and permanently injuring Plaintiff, VICTOR ALFONSO GONZALEZ.

10.  At all relevant times, Defendants OFFICER TORRES, and DOES 1 TO 10, inclusive, were employees of CITY and APD.  At all times relevant herein, Defendants OFFICER TORRES and each of the Defendants DOES 1 TO 10, inclusive, were an employee and/or agent of Defendants CITY and APD and each of these individual defendants acted under color of law, to wit, under the color of

the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY and APD, as well as under the color of the statutes and regulations of the CITY of Anaheim.

11.  At all relevant times, Defendants OFFICER TORRES, and each of the Defendants DOES 1 TO 10 was acting within their capacity as an employee, agent, representative and/or servant of CITY and APD.

12.  Defendants OFFICER TORRES, and DOES 1 TO 10, inclusive, are sued in their individual capacities for damages only.

13.  On information and belief, at all relevant times, Defendant OFFICER TORRES, and DOES 1 through 10, was a resident the County of Orange, CITY of Anaheim. Defendant OFFICER TORRES, and DOES 1 through 10, are sued herein in their individual and/or representative capacity and/or in their capacity as an employee and/or agent of Defendants CITY and APD.

14.  On information and belief, at all relevant times, Defendants CITY, APD and DOES 1 TO 10, inclusive, were residents of County of Orange, California.

15.  At all relevant times, Defendants OFFICER TORRES, and DOES 1 through 10, inclusive, were duly authorized employees and agents of CITY and APD, who were acting under color of law within the course and scope of their individual and/or representative capacities and respective duties as police officers and law enforcement agents and employment with the complete authority and ratification of their principal, Defendants CITY and APD.

16.  At all relevant times, Defendants OFFICER TORRES, and DOES 1 TO 10, inclusive, were duly appointed officers and/or employees or agents of Defendants CITY and APD, subject to oversight and supervision by Defendants CITY and APD's elected and non-elected officials.

17.  In doing the acts and failing and omitting to act as hereinafter described, Defendants OFFICER TORRES, and DOES 1 TO 10, inclusive, were acting on the implied and actual permission and consent of Defendants CITY and APD.

18.   The true names of Defendants DOES 1 TO 10, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

19.   Each of the Defendants caused and is responsible for the unlawful conduct and resulting, by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiff's rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control.  Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, joint, and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein.  Plaintiff will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained.  Each of Defendants is the agent of the other and the actions of each of the Defendants were ratified by the other Defendants.

## JURISDICTION AND VENUE

20.  This civil action is brought for the redress of alleged deprivations of constitutional rights as protected under 42. U.S.C. §§1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§1331, 1343, and 1367.

21.  Venue is proper in this Court under 28 U.S.C. §1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the City of Anaheim, County of Orange, State of California.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

22.  Plaintiff hereby repeats and re-alleges each and every allegation in the paragraphs of this Complaint with same force and effect as if fully set forth herein.

23.  Plaintiff VICTOR ALFONSO GONZALEZ was born on October 21, 1991 and was thirty-one (31) years old at the time of the incident.

24.  On or about May 4, 2023, Plaintiff, VICTOR ALFONSO GONZALEZ was socializing with friends in a public forum near the intersection of South Philadelphia Street and East Broadway in Anaheim, County of Orange.

25.  At approximately 4:00 p.m., on May 4, 2023, Anaheim Police Department Officer Torress responded to a call located at or near South Philadelphia Street and Easy Broadway in Anaheim, CA 92805, where Plaintiff was socializing with friends.

26.  Without provocation, the Defendant APD officers violently and savagely struck Plaintiff VICTOR ALFONSO GONZALEZ multiple times all over his body, including, but not limited to, his head, stomach, and hands with a baton.

27.  As a direct result of the violent beating, Plaintiff VICTOR ALFONSO GONZALEZ was rushed by ambulance to OC Global Medical Center, where he was treated for his injuries and remained in the Intensive Care Unit for approximately seven (7) hours.

28.  As a result of the blunt force trauma to the head, Plaintiff VICTOR ALFONSO GONZALEZ sustained a traumatic brain injury, occipital and frontal headaches, dizziness, memory problems, vomiting, balance problems, blurry vision, and permanent brain injury.

29.  Plaintiff VICTOR ALFONSO GONZALEZ also sustained abrasions on his left arm and elbow, bruises around his body, and neck pain accompanied by numbness and tingling.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

30.  Upon information and belief, after being beaten, Plaintiff VICTOR ALFONSO GONZALEZ was immobile, bleeding and in obvious critical need of immediate emergency care and treatment.  Instead of immediately providing or facilitating emergency care and treatment, Plaintiff's need for immediate medical care was unnecessarily delayed.  Defendants OFFICER TORRES and DOES 1 TO 10, inclusive, did not timely summon medical care or permit medical personnel to treat Plaintiff.  The delay of medical care to Plaintiff VICTOR ALFONSO GONZALEZ caused Plaintiff extreme physical and emotional pain and suffering and was a contributing cause of Plaintiff's injuries.

31.  Within six months of the Incident, Plaintiff did timely and appropriately present and file a Government Claim and an Amended Government Claim with Defendant CITY in this action and this complaint is timely filed as to the state law based supplemental claims for relief. The Government Claim based on information and belief was considered for over 45 days and no action was taken by Defendant CITY. The Federal Claims for Relief are also timely filed based on the applicable statute of limitations of such Federal Claims.

### FIRST CLAIM FOR RELIEF
### FOR UNREASONABLE SEARCH AND SEIZURE, UNREASONABLE AND/OR EXCESSIVE FORCE (42 U.S.C. §1983 AND § 1985);
### (By Plaintiff Against Defendants OFFICER TORRES, and DOES 1 TO 10, inclusive)

32.  Plaintiff hereby repeats and re-alleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

33.  The unjustified and violent accosting and severe beating of Plaintiff VICTOR ALFONSO GONZALEZ by Defendants OFFICER TORRES, and other unknown DOE Defendants including DOES 1-10, deprived Plaintiff VICTOR ALFONSO GONZALEZ of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth

Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. On May 4, 2023, Defendants OFFICER TORRES, and DOES 1 TO 10, inclusive, acting in their individual and/or representative capacities, in the course and scope of their employment with Defendants CITY and APD, acting under color of law, used unreasonable and excessive force and violated the Constitutional Rights of Plaintiff VICTOR ALFONSO GONZALEZ when they accosted, beat, and severely injured Plaintiff.  Plaintiff VICTOR ALFONSO GONZALEZ did not represent an imminent threat of death or serious bodily injury and the excessive force used by Defendants OFFICER TORRES and DOES 1 TO 10, inclusive, was objectively unreasonable force that proximately caused severe and permanent injuries to Plaintiff VICTOR ALFONSO GONZALEZ in violation of 42 U.S.C. §1983.

34.  By virtue of their misconduct, Defendants OFFICER TORRES and DOES 1 TO 10, inclusive, are liable for Plaintiff's injuries, either because these Defendants were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

35.  Defendants OFFICER TORRES and DOES 1 TO 10, inclusive, knew that failure to provide timely medical treatment to Plaintiff VICTOR ALFONSO GONZALEZ could result in further significant injury or the unnecessary and wanton infliction of pain, but nevertheless disregarded their serious medical needs, causing them great bodily harm, physical pain and suffering, and emotional pain and suffering.

36.  This use of force was excessive and objectively unreasonable under the circumstances.  Defendants' actions thus deprived Plaintiff VICTOR ALFONSO GONZALEZ of their right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

37.  As a direct and proximate result of the actions of Defendants, Plaintiff VICTOR ALFONSO GONZALEZ suffered severe and permanent injuries.  As a

direct and proximate result of the actions of Defendants, Plaintiff VICTOR ALFONSO GONZALEZ has incurred substantial medical bills, and will also require future medical treatment and incur future medical care costs. As a direct and proximate result of the actions of Defendants, Plaintiff VICTOR ALFONSO GONZALEZ has incurred substantial loss of income and earning capacity, and will also endure future loss of income and future earning capacity for their remainder of their working life.

38. As a direct and proximate result of the actions of Defendants, Plaintiff VICTOR ALFONSO GONZALEZ further claims damages for physical, mental and emotional pain and suffering, anxiety, emotional distress, inability to engage in certain activities as Plaintiff did pre-injury, disfigurement, inconvenience, humiliation, fear of impending death suffered by Plaintiff in being threatened by, and then severely accosted and beaten by, Defendants and all other damages allowed under federal and state law.

39. As a direct and proximate result of the actions of Defendants, Plaintiff VICTOR ALFONSO GONZALEZ, also claims as damages the loss of the value and enjoyment of the life in that his life has been permanently changed by the severe injuries sustained in this Incident as a result of the excessive force administered by Defendants OFFICER TORRES and DOES 1 TO 10, inclusive. Plaintiff VICTOR ALFONSO GONZALEZ was an otherwise healthy 31-year-old man who has approximately 45 years of remaining life expectancy.

40. Plaintiff VICTOR ALFONSO GONZALEZ, by this action, further claims all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. §1988.

41. The conduct of Defendants OFFICER TORRES and DOES 1 TO 10, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants OFFICER TORRES and DOES 1 TO 10, inclusive.

## SECOND CLAIM FOR RELIEF
### FOR MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM OR POLICY OR PRACTICE (42 U.S.C. § 1983); (By Plaintiff Against Defendants CITY, (including APD) and DOES 1 TO 10)

42. Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth herein.

43. On information and belief, Defendants OFFICER TORRES, and DOES 1 through 10, inclusive, unjustified use of excessive force via the accosting severe beating of Plaintiff was found to be within Defendants' CITY and APD policy. Defendant OFFICER TORRES and DOES 1 through 10, inclusive, were not fired, and based on information and belief, were promoted by Defendant CITY and APD at some point after they severely beat Plaintiff VICTOR ALFONSO GONZALEZ with no justification whatsoever.

44. Defendants CITY and APD ratified the conduct of Defendant OFFICER TORRES and DOES 1 through 10, inclusive, even though Defendants CITY and APD knew that Defendant OFFICER TORRES and DOES 1 through 10, inclusive, used excessive, unjustified force on Plaintiff VICTOR ALFONSO GONZALEZ in violation of police policies of Defendants CITY and APD.

45. On information and belief, Defendants OFFICER TORRES and DOES 1 TO 10, inclusive, were not disciplined for the unjustified use of excessive force via the accosting severe beating of Plaintiff VICTOR ALFONSO GONZALEZ.

46. On and for some time prior to May 4, 2023 (and continuing to the present date), Defendants CITY, APD, and DOES 1 TO 10, inclusive, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff VICTOR ALFONSO GONZALEZ, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a) Employing and retaining as police officers and other personnel, including Defendants OFFICER TORRES, whom Defendants CITY, APD, and DOES 1 TO 10, inclusive, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY and APD policies, including the use of excessive force;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY and APD police officers and other personnel, including Defendants OFFICER TORRES, and DOES 1 to 10, whom Defendants CITY, APD, and DOES 1 TO 10, inclusive, knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

(c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants OFFICER TORRES, and DOES 1 to 10, who are Police Officers and/or agents of CITY and APD;

(d) By failing to discipline CITY and APD Officers' and/or agents' conduct, including but not limited to, unlawful detention and excessive force;

(e) By ratifying the intentional misconduct of OFFICER TORRES and DOES 1 through 10, inclusive, and other CITY and APD Officers and/or agents, who are CITY and APD Officers and/or agents of CITY and APD;

(f) By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs, and practices of Defendants CITY, APD, and DOES 1 to 10, inclusive, were maintained with a deliberate indifference to individuals' safety and rights; and

(g) By failing to properly investigate claims of unlawful detention and excessive force by CITY and APD Police Officers.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

47. By reason of the aforementioned policies and practices of Defendants CITY, APD, and DOES 1 TO 10, inclusive, Plaintiff VICTOR ALFONSO GONZALEZ was severely injured and subjected to pain and suffering which will continue throughout the course of Plaintiff's life. The aforementioned policies and practices of Defendants, including the custom, policy and practice of Defendants CITY and APD in allowing its Police Officers to use unjustified, excessive and unreasonable force in violently accosting and beating unarmed persons who had fired no shots with no punishment for the involved Police Officers was a moving force that caused Defendants OFFICER TORRES, and DOES 1 to 10, inclusive to use unreasonable deadly force on Plaintiff (who possessed no firearm either in their hand or on their person, and otherwise presented no threat of imminent lethal harm to any person).

48. Defendants CITY, APD, and DOES 1 TO 10, inclusive, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

49. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants OFFICER TORRES, and DOES 1 through 10, inclusive, acted with intentional, reckless, and callous disregard for the constitutional rights of Plaintiff VICTOR ALFONSO GONZALEZ. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY, APD, and DOES 1 TO 10, inclusive, were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

50. Based on information and belief, Defendants CITY, APD, and DOES 1 TO 10, inclusive, together with various other officials, whether named or unnamed, had

either actual or constructive knowledge of additional instances of excessive use of force by Defendant OFFICER TORRES, and DOES 1 through 10, inclusive, including multiple beatings and uses of excessive force.

51. By reason of the aforementioned acts and omissions of Defendants OFFICER TORRES, CITY, APD, and DOES 1 TO 10, inclusive, Plaintiff was caused to incur damages as stated elsewhere herein.

52. Accordingly, Defendants OFFICER TORRES, CITY, and DOES 1 TO 10, inclusive, each are liable to Plaintiff for compensatory damages under 42 U.S.C. §1983.

53. Plaintiff further claims all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. §1988.

## THIRD CLAIM FOR RELIEF
### DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. § 1983 AND § 1985
### FAILURE TO PROVIDE MEDICAL CARE
### (By Plaintiff Against Defendants OFFICER TORRES and DOES 1 TO 10, inclusive)

54. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

55. The denial of medical care by Defendants OFFICER TORRES, and DOES 1 through 10, inclusive, deprived VICTOR ALFONSO GONZALEZ of his right to be secure in his person against unreasonable searches and seizures as guaranteed to VICTOR ALFONSO GONZALEZ under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

56. As a result, VICTOR ALFONSO GONZALEZ suffered extreme past, present and future pain and suffering and the loss of enjoyment of life and earning capacity. Plaintiff has also incurred past and future medical bills as a result of his injuries.

57. Defendants VICTOR ALFONSO GONZALEZ and DOES 1 through 10, inclusive, knew that failure to provide timely medical treatment to VICTOR ALFONSO GONZALEZ could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that critical medical need, causing VICTOR ALFONSO GONZALEZ great bodily harm.

58. The conduct of Defendants OFFICER TORRES, and DOES 1 through 10, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of VICTOR ALFONSO GONZALEZ and therefore warrants the imposition of exemplary and punitive damages as to Defendants OFFICER TORRES and DOES 1 through 10, inclusive.

59. Plaintiff also seeks attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF
### BATTERY
**(Cal. Govt. Code §§815 and 820 And California Common Law);**
**(By Plaintiff Against Defendants OFFICER TORRES, CITY OF ANAHEIM and DOES 1 TO 10, inclusive)**

60. Plaintiff hereby repeats and re-alleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

61. Defendants OFFICER TORRES, and DOES 1 through 10, inclusive, while working as police officers for CITY and APD and acting within the course and scope of their employment and duties, intentionally violently accosted and severely beat Plaintiff VICTOR ALFONSO GONZALEZ. Defendants OFFICER TORRES, CITY OF ANAHEIM and DOES 1 through 10, inclusive, had no legal justification for using force against Plaintiff and the use of force was excessive and unreasonable. At all times herein mentioned, law enforcement officers in California were only allowed to use reasonable force to effect an arrest, prevent escape or overcome resistance. Defendants OFFICER TORRES, CITY OF ANAHEIM and DOES 1 through 10, inclusive, committed an unconsented touching of Plaintiff VICTOR ALFONSO GONZALEZ and battered him when

1    they used unreasonable and excessive force when they violently accosted and
2    severely beat Plaintiff on the rooftop of PREMISES.

3    62.  As a direct and proximate result of the actions of Defendants OFFICER
4    TORRES, CITY OF ANAHEIM and DOES 1 through 10, inclusive, and each of
5    them, Plaintiff VICTOR ALFONSO GONZALEZ suffered special and general
6    damages, including but not limited to medical bills, future medical expenses, loss of
7    wages, future loss of wages, and for physical pain, mental suffering, loss of
8    enjoyment of life, disfigurement, physical impairment, inconvenience, grief,
9    anxiety, humiliation, and emotional distress that will continue for the remainder of
10   his life.

11   63.  Defendants CITY and APD are vicariously liable for the wrongful acts of
12   Defendants OFFICER TORRES, and DOES 1 through 10, pursuant to §§815.2(a)
13   and 820 of the California Government Code, which provide that a public entity is
14   liable for the injuries caused by its employees within the scope of the employment
15   if the employee's acts would subject them to liability. Plaintiff VICTOR
16   ALFONSO GONZALEZ brings their claim for damages, both special and general,
17   for the violation of Plaintiff's rights.

18   64.  The conduct of Defendants OFFICER TORRES, and DOES 1 through 10,
19   inclusive, was malicious, wanton, oppressive, and accomplished with a conscious
20   disregard for the rights of Plaintiff VICTOR ALFONSO GONZALEZ, entitling
21   Plaintiff VICTOR ALFONSO GONZALEZ to an award of exemplary and punitive
22   damages as to Defendants OFFICER TORRES and DOES 1 through 10, inclusive.

### FIFTH CLAIM FOR RELIEF
### NEGLIGENCE
**(By Plaintiff Against Defendants OFFICER TORRES, CITY OF ANAHEIM
and DOES 1 TO 10, inclusive)**

65.  Plaintiff hereby repeats and realleges each and every allegation in the
foregoing paragraphs of this Complaint with the same force and effect as if fully set
forth herein.

66. The actions and inactions of Defendants, including the actions of Defendants OFFICER TORRES and DOES 1 TO 10, inclusive, were negligent and reckless. At all times herein mentioned, among other things, Defendants OFFICER TORRES and DOES 1 TO 10, inclusive, owed a duty to follow California law that provides that Law enforcement personnel's tactical conduct and decisions preceding the use of force are relevant considerations under California law in determining whether the use of deadly force gives rise to negligence liability. Such liability can arise, for example, if the tactical conduct and decisions show, as part of the totality of circumstances, that the use of deadly force was unreasonable. Defendants OFFICER TORRES and DOES 1 TO 10, inclusive, breached their duty and were negligent and unreasonable in their actions and inactions which included but are not limited to:

(a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against Plaintiff VICTOR ALFONSO GONZALEZ where there was no need to use force;

(b) the negligent tactics and handling of the situation with Plaintiff VICTOR ALFONSO GONZALEZ, including pre-excessive force negligence;

(c) the failure to use alternative means to take into custody including, but not limited to, time, space, verbalization, commands, hands on grappling, non-deadly impact weapons, less-than-lethal weapons and less-than-lethal force;

(d) the negligent detention, arrest, and use of force, including deadly force, against Plaintiff VICTOR ALFONSO GONZALEZ;

(e) the failure to provide prompt medical care to Plaintiff VICTOR ALFONSO GONZALEZ;

(f) the failure to properly train and supervise employees, both professional and non-professional, including Defendants OFFICER TORRES and DOES 1 TO 10, inclusive, including, but not limited to the failure to train to follow the CITY and APD Department Manual of Policies and Procedures;

(g) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff VICTOR ALFONSO GONZALEZ;

(h) the violation of Defendants CITY and APD Police Department Manual of Policies, Procedures and training regarding tactics and use of force; violation of other portions of the Manual, tactics and training and the failure to follow Police Officer Standards and Training (POST) guidelines and learning domains regarding tactics and use of force.

67. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff VICTOR ALFONSO GONZALEZ was caused to suffer severe pain and suffering and permanent injuries. As a direct and proximate result of the actions of Defendants, inclusive, and each of them, Plaintiff VICTOR ALFONSO GONZALEZ suffered special and general damages, including but not limited to medical bills, future medical expenses, loss of wages, future loss of wages, and for physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress that will continue for the remainder of his lifethat will continue for the remainder of their life.

68. Defendants CITY and APD are vicariously liable for the wrongful acts of Defendants OFFICER TORRES and DOES 1 TO 10, inclusive, pursuant to California Government Code §§815.2(a) and 820, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject them to liability.

69. The conduct of Defendants OFFICER TORRES and DOES 1 TO 10, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff VICTOR ALFONSO GONZALEZ, entitling Plaintiff VICTOR ALFONSO GONZALEZ to an award of exemplary and punitive damages as to individual Defendants OFFICER TORRES and DOES 1 TO 10, inclusive.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

## SIXTH CLAIM FOR RELIEF
### VIOLATION OF CALIFORNIA CIVIL CODE §52.1
**(By Plaintiff Against Defendants OFFICER TORRES, CITY OF ANAHEIM and DOES 1 TO 10, inclusive)**

70.  Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 61 of this Complaint with the same force and effect as if fully set forth herein.

71.  This action is brought pursuant to §52.1 of the California Civil Code.  The present action is also brought pursuant to Government Code §§815.2 and 820. Pursuant to California Government Code §820, as a public employee, Defendants OFFICER TORRES and DOES 1 TO 10, inclusive, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants OFFICER TORRES and DOES 1 TO 10, inclusive, were acting within the course and scope of their employment and/or agency with Defendants CITY and APD. As such, Defendants CITY and APD are liable in *Respondeat Superior* for the injuries caused by the acts and omissions of Defendants OFFICER TORRES and DOES 1 TO 10, inclusive, pursuant to California Government Code §815.2.

72.  Plaintiff VICTOR ALFONSO GONZALEZ was subjected to excessive force by Defendants OFFICER TORRES and DOES 1 TO 10, inclusive, in the form of the violent accosting and beating inflicted on Plaintiff VICTOR ALFONSO GONZALEZ by said Defendants which caused them serious personal injuries.  The force was excessive, and was unreasonable and unwarranted as the circumstances under which the incident occurred did not require the use of any force whatsoever. As an unreasonable use of force, the incident constituted a violation of Plaintiff VICTOR ALFONSO GONZALEZ's constitutional rights against unreasonable searches and seizures protected by the Constitution of the State of California.

73.  All of the above acts and omissions of Defendants OFFICER TORRES and DOES 1 TO 10, inclusive, were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said defendant.

74. As a proximate result of the acts of Defendants OFFICER TORRES and DOES 1 TO 10, inclusive, Plaintiff VICTOR ALFONSO GONZALEZ suffered severe, permanent injuries.

75. The above acts of defendants violated Plaintiff VICTOR ALFONSO GONZALEZ's civil rights as protected by §52.1 of the Civil Code. As such, Plaintiff VICTOR ALFONSO GONZALEZ is entitled to compensatory damages according to proof, including those permitted by §52.1 of the Civil Code, punitive and exemplary damages against the individual Defendants, the costs of suit incurred in this action, reasonable attorney's fees as permitted by the Civil Code §§51.7 and 52, and any other additional relief that the court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in their favor and against Defendants as follows:

A. For compensatory damages, for personal injuries sustained, including but not limited to medical bills, loss of wages, future medical expenses, and future loss of wages, in an amount according to proof at the time of trial;

B. For compensatory damages, for the mental, physical and emotional pain and suffering of Plaintiff in an amount according to proof at the time of trial;

C. For inability to engage in certain activities as Plaintiff did pre-injury, disfigurement, inconvenience, humiliation, fear of impending death suffered by Plaintiff in being threatened by, and then severely accosted and beaten by Defendants;

D. For punitive damages against the individual defendants in an amount to be proven at trial;

E. For interest as allowed by law;

F. For reasonable costs of this suit and attorneys' fees, including pursuant to 42 U.S.C. §1988;

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

G. For all other damages allowed under federal and state law; and

H. For such further other relief as the Court may deem just, proper, and appropriate.

Respectfully Submitted,

Dated:  August 13, 2024          **CARRAZCO LAW, A.P.C.**

BY: _____

ANGEL CARRAZCO, JR.
KENT M. HENDERSON
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated:  August 13, 2024          **CARRAZCO LAW, A.P.C.**

BY: _____

KENT M. HENDERSON
ANGEL CARRAZCO, JR.
Attorneys for Plaintiff

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL